IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT R. BANKS, #05834-025, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   Case No. 16-cv-00935-JPG ) |
| LORETTA LYNCH, GERARDO S. GUTIERREZ, PAUL G. CHRISTENSON, ALOK A. KALE, EDGAR L. HOWARD, MATTHEW R. SIEGLER, PRESTON HUMPHREY, HUMPHREY, SIEGLER & KALE, LLC, MELISSA A. DAY, RICHARD H. PARSONS, PHILLIP J. KAVANAUGH, and JUDITH A. KUENNEKE, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Robert Banks is currently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution located in Oakdale, Louisiana. He filed this action *pro se* pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the complaint, Plaintiff alleges that his constitutional rights were violated by federal officials in connection with his underlying conviction and sentence for several drug-related offenses in the United States District Court for the Southern District of Illinois (Doc. 1, pp. 1-6). More specifically, Plaintiff asserts that his sentence was erroneously enhanced under 21 U.S.C. § 851 (*id.*). Plaintiff now names the United States Attorney General, seven criminal defense attorneys, two federal public defenders, and two assistant federal public defenders for violating

his Fifth Amendment right to due process of law and his Eighth Amendment right to be free from cruel and unusual punishment.  He seeks monetary damages, injunctive relief, and declaratory judgment against them (*id.*).

## Merits Review Under 28 U.S.C. § 1915A

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  Plaintiff's complaint does not survive screening under this standard and shall therefore be dismissed.

## **The Complaint**

According to the complaint, Plaintiff was charged with several drug-related crimes in this District on or around March 4, 2003 (Doc. 1, p. 4).  The Government filed an "Information to [E]stablish [P]rior [C]onviction" pursuant to 21 U.S.C. § 851 on November 6, 2004, and Plaintiff entered a Notice of Conditional Plea on November 8, 2004 (*id*.).  Over the objections of his attorney, Plaintiff was sentenced to 360 months of imprisonment on or around July 27, 2005 (*id*. at 5).  This was allegedly the maximum allowable sentence for a defendant with one prior conviction (*id*.).

But Plaintiff insists that he had no prior criminal convictions.  On July 29, 2005, he filed a direct appeal to challenge the enhanced sentence.  The Court appointed Richard Parsons to represent Plaintiff in his appeal.  Attorney Parsons never raised this argument on Plaintiff's behalf (*id*.).

Plaintiff filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1]  Plaintiff then filed an application for leave to file a second or successive § 2255 motion on or around March 26, 2016.  In it he argued that the sentencing court lacked jurisdiction to

---

[1] The complaint mentions nothing about Plaintiff's initial collateral attack.  According to the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), Plaintiff filed the § 2255 motion on March 6, 2008, and this Court denied it on January 23, 2009.  *See Banks v. United States*, No. 08-cv-63-JPG (S.D. Ill. 2008) (Doc. 10).  *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

impose an enhanced sentence based on false testimony.[2] Less than a month later, the Seventh Circuit denied Plaintiff's application (*id*.).

The instant action followed. In his complaint, Plaintiff claims that false information regarding his prior criminal conviction resulted in an enhanced sentence and egregious violations of his rights under the Fifth and Eighth Amendments (*id*. at 5). Plaintiff blames the United States Attorney General and his own attorneys for these violations. He seeks monetary damages, injunctive relief, and declaratory judgment against them (*id*. at 6).

## Discussion

In *Bivens*, the Supreme Court recognized an implied private cause of action for damages against federal officials based on violations of a citizen's constitutional rights. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Claims brought against federal officers pursuant to *Bivens* are analogous to claims brought against state actors under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006). A complaint supports a § 1983 claim where a plaintiff alleges that (1) he had a constitutionally protected right; (2) he was deprived of that right in violation of the Constitution; (3) the defendant intentionally caused that deprivation; and (4) the defendant acted under color of state law. *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009); *Schertz v. Waupaca Cnty.*, 875 F.2d 578, 581 (7th Cir. 1989). In both contexts, a plaintiff must allege that the official was personally involved in a violation of his constitutional rights and acted with the requisite state of mind.

In his complaint, Plaintiff does not allege that anyone, other than Attorney Parsons, was personally involved in a violation of his constitutional rights. Plaintiff also names Loretta Lynch (United States Attorney General), Gerardo Gutierrez (defense counsel), Paul Christenson

---

[2] Plaintiff does not elaborate on the nature of the "false testimony" (*id*. at 5).

(defense counsel), Alok Kale (defense counsel), Edgar Howard (defense counsel), Matthew Siegler (defense counsel), Preston Humphrey (defense counsel), Humphrey, Siegler & Kale, LLC (defense firm), Phillip Kavanaugh (federal public defender), Melissa Day (assistant federal public defender) and Judith Kuenneke (assistant federal public defender) as defendants in the caption of the complaint and in the list of defendants.  However, he makes no allegations against them in the statement of claim.

Plaintiffs are required to associate specific defendants with specific claims to put defendants on notice of the claims brought against them and to enable the defendants to properly answer the complaint.  *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Plaintiff must instead allege that each official was personally involved in a violation of his constitutional rights.  In the case of defendants who are in supervisory positions, the doctrine of *respondeat superior* is not applicable to *Bivens* actions.  *McCree v. Sherrod*, 408 F. App'x 990 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678; *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Del Raine v. Williford*, 32 F.3d 1024, 1038 (7th Cir. 1994)).  Plaintiff must likewise show that these defendants violated his constitutional rights.

The complaint suggests that no one, other than Attorney Parsons, was personally involved in a Fifth or Eighth Amendment deprivation.  Absent any mention of Defendants Lynch, Gutierrez, Christenson, Kale, Howard, Siegler, Humphrey, Day, Kavanaugh, Kuenneke, and Humphrey, Siegler & Kale, LLC, Plaintiff has failed to state a claim against these

defendants.  Accordingly, all defendants, other than Defendant Parsons, are subject to dismissal on this basis alone.

Plaintiff's claim against Attorney Parsons fares no better.  According to the allegations, this attorney was appointed by the Court to represent Plaintiff in his direct criminal appeal. Plaintiff faults Attorney Parsons for failing to challenge his enhanced sentence in the direct appeal.

Defense attorneys are not considered state actors under § 1983 or federal actors under *Bivens*, even when they are appointed by the Court.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a "public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("By analogy [to *Polk County v. Dodson*, 454 U.S. 312 (1981)], an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (a federal public defender may not be sued for malpractice in a *Bivens*-type suit).  In light of this precedent, Plaintiff's claim against Attorney Parsons shall be dismissed with prejudice for failure to state a claim upon which relief may be granted and as legally frivolous.  Plaintiff's claims under *Bivens* against the other defendants are based on the same legal theory, and it is therefore unnecessary to allow further amendment of the complaint. These claims shall also be dismissed with prejudice.[3]

---

[3] Plaintiff's claims may also run afoul of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which applies with equal force to *Bivens* actions.  *Case v. Milewski*, 327 F.3d 564, 568-69 (7th Cir. 2003); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (collecting cases).  In *Heck*, the Supreme Court held that a plaintiff seeking to recover *Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (*Heck* precluded suit for damages under Section 1983 for alleged denial of due process in determination of sentence credit classification).  Because *Heck* is not a jurisdictional bar, however, district courts may bypass the impediment posed by *Heck* and decide a case on the merits.  *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011).  This Court has exercised its authority to do so here.  *Id*. (citing *Jiron v. City of Lakewood*,

His separate request for injunctive relief warrants little additional discussion. Plaintiff maintains that he will continue to be irreparably injured by the conduct of the defendants, unless this Court: (1) "order[s] all previously named Defendants to IMMEDIATELY CEASE and DESIST from all activity that continues to deprive the Plaintiff of his RIGHT TO LIBERTY" (*id*. at 6) (emphasis in original). The complaint sets forth no allegations suggesting that any of the defendants have any present involvement in Plaintiff's criminal case, his direct appeal, or a collateral attack. It is entirely unclear what the defendants are now doing to interfere with Plaintiff's right to liberty, if anything at all. Instead, this request for relief appears to be a thinly-veiled attempt on Plaintiff's part to attack his underlying criminal conviction and sentence.

The same can be said of Plaintiff's request for declaratory judgment (*id*.). Plaintiff asks this Court to enter an Order declaring the acts of defendants in incarcerating an "innocent" person a violation of his Fifth and Eighth Amendment rights (*id*.). Here again, Plaintiff seeks to attack his underlying conviction and sentence. Section 2255 is the "exclusive remedy" to challenge a federal conviction, unless that remedy is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e); *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). If § 2255 proves to be inadequate or ineffective, Plaintiff may be able to pursue federal habeas relief under 28 U.S.C. § 2241. But this Court cannot convert any portion of this action to a claim for habeas corpus relief. *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997); *Copus v. City of*

---

392 F.3d 410, 413 n. 1 (10th Cir. 2004)).damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must first establish "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." *Id*. at 486-87. *See, e.g., Miller v. Indiana*

*Edgerton*, 96 F.3d 1038 (7th Cir. 1996). To the extent he seeks such relief, Plaintiff is not precluded by this Order from doing so by filing a separate habeas action.

Based on the foregoing discussion, the Court concludes that the complaint (Doc. 1) is subject to dismissal with prejudice because it fails to state a claim upon which relief may be granted and is legally frivolous. Plaintiff is not precluded from seeking relief in a separately filed federal habeas action.

## Pending Motion

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate court order.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A. This Order does not preclude Plaintiff for separately pursuing relief in a federal habeas action.

**IT IS ALSO ORDERED** that Defendants **LYNCH, GUTIERREZ, CHRISTENSON, KALE, HOWARD, SIEGLER, HUMPHREY, DAY, PARSONS, KAVANAUGH, KUENNEKE** and **HUMPHREY, SIEGLER & KALE, LLC** are **DISMISSED** with prejudice from this action.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[4] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[4] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED: September 26, 2016**

*s/J. Phil Gilbert*
United States District Judge